UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CURTIS GORHAM,

    Plaintiff,

v.                                              Case No. 5:24-cv-280-MW-MJF

ELIJAH SMILEY, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Despite the undersigned affording Plaintiff an opportunity to supplement and clarify his allegations in an amended complaint, Plaintiff's amended complaint is still a so-called "shotgun" pleading that violates the Federal Rules of Civil Procedure. Because Plaintiff failed to comply with the undersigned's order to amend the complaint and the complaint is still a "shotgun pleading," the District Court should dismiss this civil action with prejudice.

### BACKGROUND

On December 12, 2024, Plaintiff, proceeding *pro se* and *in forma pauperis,* initiated this action by filing a civil rights complaint against "120 parties." Doc. 1 at 4. Plaintiff did not identify the 120 Defendants or

describe how they violated his rights. *Id*. Rather, he referred to the docket in "the lower tribunal" and the appellate courts and opined: "It takes a lot to explain it all." *Id*.

On February 18, 2025, the undersigned ordered Plaintiff to file a notice of voluntary dismissal or an amended complaint that remedied the defects in the original complaint. Doc. 8. The order explains that Plaintiff violated the Federal Rules of Civil Procedure by referring to the docket in "the lower tribunal" rather than describing what each Defendant did or did not do to harm Plaintiff. *Id*. at 3. The order clearly instructs Plaintiff to ensure that his amended complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. *Id*.

On May 14, 2025, Plaintiff filed his amended complaint, which names over 100 Defendants, including private businesses, hospitals, doctors, nurses, and several State employees and judges. Plaintiff purports to assert claims pursuant to 42 U.S.C. § 1983 "and various other causes of action," but Plaintiff once again fails to state specific claims against any of the named Defendants. *Id*. at 3–4.

## DISCUSSION

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b). "A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Toth v. Antonacci*, 788 F. App'x 688, 690 (11th Cir. 2019) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)). One type of shotgun pleading asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. Another type "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.*

Plaintiff is suing over 100 Defendants for medical malpractice, personal injury, civil-rights violations, and "various other causes of action." Doc. 21 at 3–4. One part of Plaintiff's amended complaint lists 10 causes of action, which are "not all inclusive," against several unnamed

Defendants, including a nurse, a radiologist, and a risk manager. Plaintiff does not specify which of the over 100 Defendants he asserts particular claims. *Id.* at 37–38. Furthermore, one of the counts alleges "further medical batteries by other medical providers . . . outlined on the docket so far in the State court." Plaintiff does not specify the alleged batteries or identify the responsible Defendants and once again refers to the docket in another court proceeding, despite the undersigned's directions not to do this. *Id.* at 38. Plaintiff also fails to state claims for relief against several of the remaining Defendants, including PayPal, Inc., USAA Federal Savings Bank, Judge Elijah Smiley, the Bay County Clerk of Court, and the First District Court of Appeal. *Id.* at 15–21, 28–31.

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). When a district court receives a shotgun pleading, it must *sua sponte* give a plaintiff "one chance to replead." *Id.* at 1296. Once a *pro se* litigant has been given that opportunity to replead and he squanders

that opportunity by filing another shotgun pleading, the district court may dismiss the complaint. *Id.* at 1295; *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001); *see also Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.") (citations omitted).

The undersigned provided Plaintiff the opportunity to file an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Doc. 8 at 3–4. Plaintiff failed to comply with that order and instead filed another impermissible "shotgun pleading." Because Plaintiff failed to comply with the undersigned's order and failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, the District Court should dismiss this civil action.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the District Court:

1. **DISMISS** this action with prejudice because Plaintiff failed to comply with a court order and his complaint is a so-called "shotgun pleading"; and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida this 17th day of July, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**